IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 15-00704 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JESSE WADE PELKEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE BASED ON AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF Nos. 186 and 190)**

Defendant Jesse Wade Pelkey, proceeding pro se, seeks a reduction of his term of imprisonment based upon Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

Amendment 821 altered the sentencing guidelines of certain zero-point offenders under Section 4C1.1 and changed the calculation of "status points" under United States Sentencing Guideline § 4A1.1(e).

Defendant is not eligible for a reduction in sentence. The changes made by Amendment 821 do not apply to him.

<u>First</u>, Defendant did not receive any status points at sentencing.

<u>Second</u>, Defendant does not qualify for a reduction for certain zero-point offenders under U.S.S.G. § 4C1.1 because he

1

had a total criminal history score of 14 and was deemed a career criminal at sentencing.  He was not a zero-point offender.

Defendant's Motions to Reduce Sentence (ECF Nos. 186 and 190) are **DENIED**.

## PROCEDURAL HISTORY

### I.   Indictment, Guilty Plea, & Sentencing

On September 9, 2015, the grand jury returned an Indictment, charging Defendant and two co-defendants with one count: Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(A).  (ECF No. 1).

On September 19, 2016, Defendant pled guilty to the sole count in the Indictment.  (ECF No. 105).

Defendant's guilty plea was made pursuant to a Memorandum of Plea Agreement.  (ECF No. 107).

On November 9, 2016, the Court accepted Defendant's plea of guilty and adjudged him guilty.  (ECF No. 109).

On January 11, 2017, the Probation Officer filed the Amended Presentence Investigation Report.  (ECF No. 122).

The Presentence Report calculated Defendant's base offense level at 34 based on the amount of methamphetamine and "ice" for which Defendant was responsible.  (Presentence Report at ¶ 52, ECF No. 122).

Defendant received a 4-level enhancement for being an organizer or leader of the criminal conspiracy. (<u>Id.</u> at ¶ 55).

Defendant received a two-level decrease for acceptance of responsibility and an additional one-level decrease for timely entering into a guilty plea. (<u>Id.</u> at ¶¶ 59-60).

Defendant's total offense level was 35. (<u>Id.</u> at ¶ 61).

In calculating Defendant's criminal history, the Probation Officer determined that Defendant was previously convicted of the following crimes:

(1)   Possession of a Controlled Substance for Sale, for which he was sentenced to 3 years probation and 140 days incarceration on September 19, 2003, and had his parole revoked on April 21, 2006 and December 27, 2010, in the Superior Court in San Diego, California (<u>id.</u> at ¶ 65);

(2)   Transportation of a Controlled Substance, 28.5 Grams of Methamphetamine, for which he was sentenced to 1 year imprisonment on April 21, 2006, and had his parole revoked on December 27, 2010 in the Superior Court in San Diego, California (<u>id.</u> at ¶ 66);

(3)   Possession of a Controlled Substance for Sale, for which he was sentenced to 5 years imprisonment on May 2, 2006, and had his parole revoked on December 27, 2010, in the Superior Court in San Diego, California (<u>id.</u> at ¶ 67);

(4)   Attempt to Persuade a Witness from Prosecuting a Crime, for which he was sentenced to 16 months imprisonment on December 30, 2010, in the Superior Court in San Diego, California (<u>id.</u> at ¶ 68); and

(5)   Defendant was arrested in mid-March 2014 for Possession of a Controlled Substance, 14.25 Grams or More of Heroin, for which he was sentenced to 5 years imprisonment on November 5, 2014, in the Superior Court in San Diego, California (<u>id.</u> at ¶

3

69).

Defendant received 14 criminal history points for his five California State Court convictions.  (<u>Id.</u> at ¶ 70).

Pursuant to U.S.S.G. § 4B1.1, Defendant was designated a career offender because he was at least 18 years old at the time of the instant offense, the instant offense was a felony controlled substances offense, and Defendant had at least two prior felony convictions for controlled substances.  (<u>Id.</u> at ¶ 71).  As a result, Defendant was in criminal history category VI. (<u>Id.</u>)

Defendant's sentencing guideline range was 292 to 365 months imprisonment.  (<u>Id.</u> at ¶ 110).

On January 20, 2017, the Court sentenced Defendant to 336 months imprisonment and 10 years of supervised release pursuant to the plea agreement.  (ECF No. 125).

## II.  Defendant's Motions To Reduce Sentence

On May 6, 2024, Defendant, proceeding pro se, filed a Motion to Reduce Sentence Under Amendment 821 to the United States Sentencing Guidelines Pursuant to 18 U.S.C. § 3582(c)(2).  (ECF No. 186).

On May 8, 2024, the Court referred the Motion to the Federal Public Defender's Office to see if it would represent the Defendant in seeking a reduction in sentence.  (ECF No. 187).

4

On May 9, 2024, the Federal Public Defender's Office declined to represent the Defendant.  (ECF No. 188).

On the same date, the Court issued a briefing schedule. (ECF No. 189).

Also on May 9, 2024, Defendant, proceeding pro se, filed a Second Motion for a Reduction in Sentence Pursuant to Amendment 821 to the Sentencing Guidelines.  (ECF No. 190).

On June 5, 2024, the Government filed its Response to Defendant's Motions.  (ECF No. 192).

Defendant did not file a reply brief.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Section 3582(c)(2) of Title 18 of the United States Code permits a court to reduce a term of imprisonment if the sentence was based on a sentencing range subsequently lowered by the United States Sentencing Commission.

The Sentencing Commission amended United States Sentencing Guideline § 1B1.10 to provide for a reduction in certain terms of imprisonment as a result of amended guideline ranges provided for in Amendment 821, which became effective on February 1, 2024.

## ANALYSIS

Defendant's Motions, construed liberally, seek a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

Defendant is not eligible for a reduction in his term of imprisonment because he cannot establish that his sentencing guidelines would be lower pursuant to Amendment 821.

Amendment 821 made two significant changes in the Sentencing Guidelines and the calculation of criminal history points.

First, Subpart A of Amendment 821 limits the overall criminal history impact of "status points," which are additional criminal history points given to a defendant for having committed an offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.  See U.S.S.G. § 4A1.1(e).

Here, Defendant did not receive any status points in calculating his criminal history points pursuant to Section 4A1.1(e).  Instead, Defendant's criminal history category was calculated based on his status as a career offender pursuant to U.S.S.G. § 4B1.1.  (Presentence Report at ¶ 71, ECF No. 122). Defendant was designated a career offender because he was at least 18 years old at the time of the instant offense, the instant offense was a felony controlled substances offense, and

6

Defendant had at least two prior felony convictions for
controlled substances.  (<u>Id.</u>)

The changes in the sentencing guidelines under Amendment 821
for the calculation of status points pursuant to Section 4A1.1(e)
do not apply to Defendant.

<u>Second</u>, Subpart B of Amendment 821 created a new guideline
found in U.S.S.G. § 4C1.1, which provides for a decrease of two
offense levels for certain zero-point offenders who meet its
requirements, as follows:

(a) Adjustment.—If the defendant meets all of the
following criteria:

    (1) the defendant did not receive any criminal
history points from Chapter Four, Part A;

    (2) the defendant did not receive an adjustment
under §3A1.4 (Terrorism);

    (3) the defendant did not use violence or
credible threats of violence in connection
with the offense;

    (4) the offense did not result in death or
serious bodily injury;

    (5) the instant offense of conviction is not a
sex offense;

    (6) the defendant did not personally cause
substantial financial hardship;

    (7) the defendant did not possess, receive,
purchase, transport, transfer, sell, or
otherwise dispose of a firearm or other
dangerous weapon (or induce another
participant to do so) in connection with the
offense;

    (8) the instant offense of conviction is not

7

                  covered by §2H1.1 (Offenses Involving
                  Individual Rights);

    (9)  the defendant did not receive an adjustment
         under §3A1.1 (Hate Crime Motivation or
         Vulnerable Victim) or §3A1.5 (Serious Human
         Rights Offense); and

    (10) the defendant did not receive an adjustment
         under §3B1.1 (Aggravating Role) and was not
         engaged in a continuing criminal enterprise,
         as defined in 21 U.S.C. §848;

decrease the offense level determined under Chapters
Two and Three by 2 levels.

U.S.S.G. § 4C1.1(a) (emphasis added).

Here, Defendant does not qualify for a reduction as a certain zero-point offender pursuant to Section 4C1.1(a). Defendant was not a zero-point offender at sentencing. Defendant received criminal history points at sentencing for his five prior felony convictions in California State Courts and he was determined to be a career offender. (Presentence Report at ¶¶ 66-71, ECF No. 122). In addition, Defendant does not qualify as a zero-point offender under Section 4C1.1(a)(10) because Defendant received an aggravating role adjustment under Section 3B1.1(a) for being an organizer or leader in the drug conspiracy. (Id. at ¶ 55).

Section 4C1.1 does not apply to lower Defendant's sentencing guidelines.

In sum, the changes to the United States Sentencing Guidelines based on Amendment 821 do not lower Defendant's

sentencing guidelines.  Defendant is not entitled to a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

## **CONCLUSION**

Defendant's Motions to Reduce Sentence based upon Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (ECF Nos. 186 and 190) are **DENIED.**

IT IS SO ORDERED.

DATED: July 16, 2024, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Jesse Wade Pelkey, Cr. No. 15-00704 HG-01, **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE BASED ON AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF Nos. 186 and 190)**